## IN THE MATTER OF SYDNEY VALE STOLDT, AN ATTORNEY-AT-LAW.

Argued February 21, 1961—Decided March 20, 1961.

*Mr. Abram A. Lebson* argued the cause for the committee.

*Mr. John E. Selser* argued the cause for respondent.

PER CURIAM. This disciplinary proceeding was instituted by a presentment from the Bergen County Ethics and Grievance Committee. Sidney Vale Stoldt was admitted to the bar of this State in January 1930. He was charged under *R. R.* 1:16–2(b) by the said Ethics and Grievance Committee on its own motion after investigation by said committee. The statement of charges as served upon the said Sydney Vale Stoldt alleged that he was guilty of unethical and unprofessional conduct arising out of the following set of facts:

On all of the dates hereinafter referred to he was a closing attorney on mortgage loans for the Central Bergen Savings and Loan Association of Ridgefield Park. In that connection he represented said Savings and Loan Association in two separate mortgage closings which took place on August 14, 1959 and September 1, 1959, respectively. Prior to August 14, 1959 he was entrusted with the sum of $17,000 to be used in connection with the granting of a mortgage to one Robert Sherman. It was his duty to use part of the money so entrusted to him to pay off two then existing mortgages encumbering the premises, *i. e.,* (1) a mortgage held by Mortgage Associates in the approximate sum of $1,674.43, and (2) a mortgage held by the Bank of Passaic in the approximate sum of $9,165.98. Prior to September 21, 1959 he was entrusted with the sum of $21,000 to be used in connection with the granting of a mortgage to Hausman and Michaelson. It was his duty to use part of the money so entrusted to him to pay off a certain existing mortgage held by the First Savings and Loan Association of Fairlawn in the approximate sum of $8,623.75. In connection with each of the above mentioned closings respondent, within a day or two after the date thereof, forwarded to the Central Bergen Savings and Loan Association a preliminary title policy report made by the Home Title Guaranty Company, on which said report Stoldt made the notation "paid off— Sydney Vale Stoldt" in connection with the aforesaid mortgages. In fact, neither of said mortgages was paid off on

the date of said certification but were paid off as follows: Mortgage of Mortgage Associates on September 2, 1959; mortgage of Bank of Passaic on November 2, 1959; mortgage of First Savings and Loan Association of Fairlawn on or about December 28, 1959. Although Stoldt had deposited the above referred to funds entrusted to him by the Central Savings and Loan Association in a special trust account, he appropriated the sums payable to the above named mortgagees to his own use, thus violating *Canon* 11 of *Canons of Professional Ethics* of the American Bar Association, which reads as follows:

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

Subsequent to the filing of the said charges Stoldt filed an answer admitting each and every fact set forth therein, and by way of mitigation pointed out that he had made restitution of the funds so misappropriated prior to the preferring of any charges against him; that he did not owe any money to any clients; that he needed and used the money for his living expenses. On argument before this court it was further pointed out by his counsel that at the time of the misuse of the funds here involved the payment of several large fees was then imminent. It was the expectancy of the immediate payments of these funds which led him to the improper use of the trust monies. However, the totality of the evidence, including his record as a member of the bar for some 30 years and his frank admission of his derelictions, presents favorable aspects for which he should be given consideration. As stated in *In re Baron*, 25 *N. J.* 445 (1957):

"Each disciplinary matter must be determined on its own facts and circumstances, and the difficulty constantly present is as to what the final disciplinary measure should be. The ultimate objective is the protection of the public, the purification of the bar and the prevention of a re-occurrence."

■ Under the facts here present, it is our conclusion that a suspension for six months would constitute an appropriate discipline.

Accordingly, Sydney Vale Stoldt is suspended from the practice of law for a period of six months, and until the further order of this court.

*For six months suspension*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*Opposed*—None.