## IN THE MATTER OF JOSEPH L. FERRARO, AN ATTORNEY AT LAW.

Argued January 7, 1969—Decided February 3, 1969.

*Mr. Aaron W. Nussman* argued the cause for the Bergen County Ethics Committee.

*Mr. Louis Santorf* argued the cause for respondent.

PER CURIAM: The respondent, a member of the bar with offices in Paterson, was charged with several violations of the canons of professional ethics. Because the chairman of the Passaic County Ethics Committee was a witness, the charges were heard, at this Court's request, by the Bergen County Ethics Committee. After full hearing the committee filed a presentment in three counts. The first count set forth that the respondent had falsely certified to a Savings and Loan Association that a mortgage given to the Association by his clients, the purchasers of certain property in Totowa, was a first lien. At the time of the certification, the purchasers had not taken title to the property, and had not paid the balance due on the purchase price. They later paid the balance and acquired title. The mortgage was reacknowledged and rerecorded and no loss was sustained by any of the parties. The respondent admits that when the certification to the Association was made it was not true, but he asserts that the making and forwarding of the certification were inadvertent. The committee made no specific finding as to this assertion and while the respondent's conduct is of course to be deplored we do not base any disciplinary action on it.

In the second count of the presentment, the committee found (1) that during July and August 1965 the respondent had violated the canons by commingling with his office funds a $5,000 trust check that he had received from the Savings and Loan Association and (2) that he further violated the canons by using a portion of the $5,000 for his own office or other private purposes contrary to the escrow instructions of the Association. The record of the hearing fully supports these findings. Despite clear and repeated warnings by this Court, the respondent maintained at the time but a single account in which he commingled trust funds and general office funds. *See In re Lederman,* 45 *N. J.* 524 (1965); *In re Banner,* 31 *N. J.* 24 (1959). He not only

commingled but used trust funds for his own private purposes; during the period when the $5,000 was in his custody the balance in his account admittedly went as low as $908.40. The respondent does not deny the impropriety of the commingling and use of the trust funds but points out that no one suffered any loss, that all trust funds were always remitted within a short period after being called for, and that he now maintains separate trust and office accounts in strict conformity with the canons and our decisions. Of course none of this obviates the violations, although all of it is properly considered in determining the disciplinary measure to be imposed. *See In re Stoldt,* 34 *N. J.* 355 (1961).

▮ In the third count of the presentment, the committee found generally that during the entire year of 1965 the respondent had commingled all of his trust funds with office funds and had used portions of the trust funds for his own office purposes. The commingling and the use of trust funds during 1965 were not disputed by the respondent but because records were unavailable (the respondent testified that they had been destroyed in a fire) the committee was unable to determine the actual extent of the misuse of trust funds. Admittedly, eleven checks issued by the respondent during 1965 were returned by the bank for insufficient funds. Here again the respondent stresses the matters asserted on his own behalf in connection with the second count and he urges, through his counsel, that we "impose only a reprimand." However, we believe that such measure would be insufficient to vindicate the true objectives of disciplinary proceedings. See *In re Baron,* 25 *N. J.* 445, 449 (1957); *In re Banner, supra,* 31 *N. J.,* at 29. Weighing all of the pertinent circumstances, we have concluded that the respondent should be and hereby is:

Suspended from the practice of law for a period of six months and until further order of this Court.